{¶ 1} I respectfully dissent from the judgment and opinion of the majority for the following reasons.
{¶ 2} The relationship between a parent and a child is both fundamental and sacred in our society. As a result, "a parent and a child have substantial, protected rights in their family relationship under the due process clause."[4] These rights are not absolute. There are times when a parent is unable or unwilling to properly care for his or her child. In those situations, permanent custody is an option; however, it should be considered only when it is absolutely necessary to protect the child's welfare.
{¶ 3} In this case, we have a father who unquestionably loves his children. The record clearly shows that appellant made every reasonable effort to exercise his visitation rights with Destiny and Derreck by attending fifty-four (54) of the sixty-four (64) scheduled visits. Although appellant certainly has his faults, there is no indication that he ever mistreated his children.
{¶ 4} When considering the best interests of a child in a permanent custody proceeding, the juvenile court must consider all relevant factors, including the wishes of the child. R.C. 2151.414(D). As the majority correctly notes, R.C. 2151.414(D)(2) specifically provides that a child's wishes may be "expressed directly by the child or through the child's guardian ad litem * * *." In considering the children's wishes in this case, the juvenile court declined to conduct an in-camera interview of the children and relied, instead, upon the guardian ad-litem's report.
{¶ 5} Appellant claims that the children's guardian ad litem never visited Destiny and Derreck to ascertain their desires concerning placement with their father. There is absolutely no reliable evidence concerning the wishes of the children in this record. The wishes of the children must to be considered before a permanent custody decision can be made, particularly in light of their ages (12 and 10) and their father's demonstrated efforts to maintain the parent-child relationship.
{¶ 6} The majority concludes that appellant has provided no evidence to support his claim that the guardian ad litem never spoke with the children. This is an unfair burden to place on a parent. The purpose of a guardian ad litem is to protect and preserve the interests of the child who he or she represents. If a guardian ad litem does not speak with the child, how can that person be said to have adequately performed his or her responsibilities? Simply stated, they can not.
{¶ 7} The majority further concludes that the guardian ad litem's report in this case shows that he interviewed the children before making his recommendation. I disagree. The guardian ad litem's report essentially mimics the opinions expressed by the children's psychologist. Nowhere in the record is there evidence that the guardian ad litem spoke with Destiny and Derreck.
{¶ 8} I recognize that, in making these decisions, the juvenile court must consider a multitude of opinions from a variety of sources. Nevertheless, I would hold that, as a matter of law, if the juvenile court is going to rely on a guardian ad litem to express the wishes of a child, there must be an affirmative showing on the record that (1) the guardian ad litem spoke with the children, and (2) he is in fact expressing their wishes. Because we do not have such a showing in this case, I would reverse the judgment of the trial court.
[4] State ex rel. Heller v. MIller (1980), 61 Ohio St.2d 6, 10.